IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIE CPR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-124 Erie |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PA DEPARTMENT OF TRANSPORTATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

In this civil action, Plaintiffs[1] seek an order enjoining the Pennsylvania Public Utilities Commission ("PAPUC"), the PA Department of Transportation ("PennDOT"), the City of Erie, Pennsylvania (the "City"), Erie Mayor Joseph Schember ("Mayor Schember"), and the City Council of Erie ("City Council") – collectively, the "Defendants" -- from proceeding with the planned demolition of the City's "McBride Viaduct" until such time as Plaintiffs are afforded an opportunity to challenge the demolition decision in an on-the-record public hearing before this Court. Presently pending before the Court is a motion (**Doc. 10**) by Plaintiffs for a default judgment against PAPUC. For the reasons that follow, Plaintiffs' motion for a default judgment will be **DENIED**.

---

[1] The Plaintiffs in this action are: ERIE CPR, Beary Clark, Harry Euell, Michael Keys, Judy Lynch, Minister Luchetta Manus, Cynthia Muhammad, Noel Remigio, Abdulla Washington, Adam Trott, Lisa Austin, and Taquanta Gray (collectively, "Plaintiffs"). Reverend Charles Mock was originally among the named Plaintiffs in this case, but his claims were voluntarily dismissed on May 11, 2018. (Doc. 8.)

1

**A. Factual and Procedural Background**

Plaintiffs commenced this action on April 30, 2018 with the filing of a three-count complaint alleging violations of their rights under Title VI of the Civil Rights Act of 1964, 42, U.S.C. §§2000d *et seq.,* 49 C.F.R. §§21.1 *et seq.,* and the Fourteenth Amendment's Equal Protection Clause in connection with the Defendants' planned demolition of the McBride Viaduct. (Doc. 1.) The following day, Plaintiffs filed a motion for a preliminary injunction and obtained summons for all of the Defendants. (Docs. 3, 4 and 5.)

On May 16, 2018, Plaintiffs filed their proof of service. (Doc. 9.) Therein, Plaintiffs' counsel attested that he served copies of the Complaint and summons upon PAPUC and PennDOT via certified mailings addressed to Josh Shapiro, the Pennsylvania Attorney General. (Doc. 9, Doc. 9-1.) The record shows that the packages were separately signed for on May 3, 2018 and May 7, 2018, respectively, by one Mary Dumaresq. (Doc. 9-1 at 5; Doc. 9 at 5.) Plaintiff attempted to serve the City, Mayor Schember, and City Council by sending copies of the Complaint and summons via certified mail addressed to Edward Betza, Esq., the City's solicitor. (Docs. 9-3, 9-2, and 9-4.) Each of these three mailings was received, but not signed for, on May 3, 2018. (*Id.*)

To date, no counsel has entered an appearance on behalf of the Defendants and no Defendant has answered or otherwise responded to the Complaint. On June 5, Plaintiff filed the instant motion for default judgment against Defendant PAPUC. (Doc. 10.)

**B. Analysis**

"Before a plaintiff can obtain a default judgment pursuant to Rule 55(b), a plaintiff must secure an entry of default per Rule 55(a)." *Allaham v. Naddaf,* 635 F. App'x 32, 36 (3d Cir. 2015) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)). "Once default is entered against a specific defendant,

2

Rule 55(b) allows the plaintiff to request that the clerk or the court enter a default judgment against that defendant, depending on whether the claim is for a sum certain." *Id*.

When passing upon a motion for default judgment, a court is required to make a threshold determination regarding any jurisdictional defects. *Allaham,* 635 F. App'x at 36 (citing *Bolden v. Se. Pennsylvania Transp. Auth*., 953 F.2d 807, 812 (3d Cir.1991)). This includes consideration of whether proper service of the complaint has been effectuated because, in the absence of proper service, the court lacks personal jurisdiction over the defendants named in the complaint. *See Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Grand Ent. Group, Ltd. V. Star Media Sales, Inc*., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4."); *Lampe v. Xouth, Inc.,* 952 F.2d 697, 701 (3d Cir. 1991) ("A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure."); *Dougherty v. Dupes,* Civil Action No. 1:17-cv-1541, 2018 WL 1696651, at *4 (W.D. Pa. April 6, 2018) ("A defendant is not properly brought before the court in the matter if it has not been served with process, . . . and the defendant has no duty to defend against the complaint until such time as it properly has been served.") (citations omitted); *see* Wright, Miller, *et al.,* & §2682 at 14 ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought,[ ] which also means that the party must have been effectively served with process.[ ]") (footnotes omitted).

Proper service of original process is governed by Rule 4 of the Federal Rules of Civil Procedure. For purposes of the instant motion, Rule 4(j)(2) supplies the relevant standard. It provides that states, municipal corporations, or other state-created governmental organizations must be served by: "**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or **(B)** serving a copy of each in the manner prescribed by that state's law . . . ." Fed. R. Civ. P. 4(j)(2). The relevant rule for service under Pennsylvania law is Rule 422 of the Pennsylvania Rules of Civil Procedure, which states that: "Service of original process upon the Commonwealth . . . or a department, board, commission or instrumentality of the Commonwealth, . . . shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Pa. R. Civ. P. 422(a).

In effectuating service, a plaintiff "may not 'pick and choose individual provisions from the federal and Pennsylvania rules to manufacture proper service[.]'" *Dougherty,* 2018 WL 1696651, at *5 (quoting *Infantino v. W. Wyoming Borough,* No. Civ. A. 3:12-2539, 2013 WL 1345628, at * (M.D. Pa. Apr. 2, 2013)). Rather, the plaintiff "must comply with **either** the federal procedure **or** the state procedure" that is incorporated into Rule 4(j)(2)(B). *Id.* (citing *Infantino,* 2013 WL 1345628, at *3) (emphasis in the original). Furthermore, regardless which method of service the plaintiff chooses, he or she must strictly comply with the aforementioned rules. *Dougherty,* 2018 WL 1696651, at *6 (noting that "Pennsylvania law, like federal law, requires strict compliance with its service of process rules").

In this case, Plaintiffs have failed to obtain an entry of default, and their request for a default judgment is therefore premature. Beyond this, Plaintiffs have failed to satisfy the service requirements of either Federal Rule of Civil Procedure 4(j)(2)(A) or Pennsylvania Rule 422(a). As a result, the complaint has not been properly served on PAPUC.

4

Plaintiffs have failed to satisfy the federal method of service because they did not deliver the complaint and summons to the relevant chief executive officer. Fed. R. Civ. P. 4(j)(2)(A). The Pennsylvania Attorney General is not the chief executive officer of PAPUC and, furthermore, a certified mailing does not constitute "delivery" within the meaning of Rule 4(j)(2)(A). On the contrary, "[d]elivery" for purposes of Rule 4 means *personal* delivery through use of a process server rather than delivery through the use of certified mail. *See White v. Green,* 382 F. App'x 199, 202 (3d Cir. 2010) (plaintiff failed to comply with the service requirements of Rule 4(j)(2) when he sent a copy of the complaint, via certified mail, to a county correctional facility that was named as a defendant); *Dougherty,* 2018 WL 1696651, at *12 (noting that "Rule 4(j)(2)(A) requires service upon a state party by **delivering**, and not mailing, a copy of the summons and complaint") (emphasis in the original); *Fulton v. Virgin Islands Bureau of Internal Revenue*, No. CV 2011-132, 2014 WL 1345421, at *1 (D.V.I. Apr. 4, 2014) (discussing the requirements of Fed. R. Civ. P. 4(j)(2) and noting that "[d]elivery in Rule 4 has a meaning distinct from use of 'registered or certified mail'" and "requires use of a process server, not use of the United States Postal Service") (citing Fed. R. Civ. P. 4(i)); *Moody v. Nat'l Elec. Warranty*, No. 3:11-CV-106, 2012 WL 4981993, at *4 (W.D. Pa. Oct. 17, 2012) (holding that certified mailing did not constitute proper "delivery" of a complaint and summons upon a corporate defendant for purposes of Rule 4(h)(1)(B)).

Plaintiffs also failed, in numerous ways, to satisfy the requirements of Pennsylvania Rule 422(a). First, they failed to make service upon *both* the Attorney General's office *and* PUPUC's office. *See* Pa. R. Civ. P. 422(a) (requiring that service be made "at the office of the defendant *and* the office of the attorney general") (emphasis supplied); *Dougherty,* 2018 WL 1696651, at *12 (discussing Rule 422(a) and holding that plaintiff failed to properly effectuate service upon

5

Commonwealth defendants when complaint was sent only to the state attorney general's office); *Menez-Vaz v. Com. of Pa. Dep't of Public Welfare,* Civ. A. No. 94-2298, 1995 WL 118237, at *1 (E.D. Pa. Mar. 10, 1995) (plaintiff who sued Commonwealth Department of Public Welfare was required to serve both that office and the office of the attorney general; service on Pennsylvania Attorney General's office alone was insufficient).

Second, Plaintiffs chose an improper method of service. Pennsylvania Rule 422(a) explicitly requires personal delivery of the summons and complaint by "handing a copy to the person in charge" of the relevant office; a certified mailing of the complaint clearly does not satisfy this requirement. *See White,* 382 F. App'x at 202 (certified mailing to county correctional facility did not satisfy service of process on a political subdivision where Pennsylvania Rule 422(b) required the plaintiff to effectuate service by "handing a copy" of the complaint to one of three categories of recipients); *Dougherty,* 2018 WL 1696651, at *12 ("Pennsylvania procedure for service, as incorporated into Federal Rule of Civil Procedure 4(j)(2)(B), does not permit original service of process by mail upon the Commonwealth of Pennsylvania or upon an officer, department, board, commission or instrumentality of the Commonwealth . . . ."); *Jones v. Quain,* No. 97-1153, 1997 WL 197316, at *1 (E.D. Pa. Apr. 18, 1997) ("In the absence of any request for a waiver of service under Rule 4(d),[ ] neither Rule 4 of the Federal Rules nor Rule 422 of the Pennsylvania Rules authorizes service of initial process on the Commonwealth or its officers by certified mail.") (internal footnote omitted).

Finally, to the extent Plaintiffs attempted service on the office of the Pennsylvania Attorney General, they failed to establish that the recipient of the certified mailing is the relevant "person in charge" of the office. Pa. R. Civ. P. 422(a); *see Dixon v. Phila. Housing Auth.,* 185 F.R.D. 207, 210 (E.D. Pa. 1999) ("The relevant Pennsylvania rule requires that service on an instrumentality

6

of the Commonwealth 'shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof.' Pa.R.Civ.P. 422(a). Service on an unidentified person is insufficient to comply with this rule.").

"Personal jurisdiction . . . is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted) (second ellipsis in the original). Because Plaintiffs have failed to make proper service of the complaint and summons upon PAPUC, this Court has no jurisdiction over that Defendant and cannot enter a default or default judgment against it. *See White v. Green,* 382 F. App'x 199, 202 (3d Cir. 2010) (holding that the district court properly denied plaintiff's motion for default judgment against a county correctional facility which was not properly served) (citing *Gold Kist Inc. v. Laurinburg Oil Col,* 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of complaint is, a fortiori, void, and should be set aside.")); *Dougherty,* 2018 WL 1696651, at *13 ("Doughtery did not make proper service of original process upon any of the defendants, none are in default, and, accordingly, entry of default or default judgment is inappropriate."). Accordingly, the following Order is entered.

## II. ORDER

For the reasons stated above, Plaintiffs' motion for a default judgment (**Doc. 10**) is **DENIED.** The denial is without prejudice to Plaintiff's right to seek an entry of default and default judgment against PAPUC, if warranted, following proper service of process.[2]

IT IS SO ORDERED.

June 8, 2018

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[2] Although the Court is not presently rendering any opinion on the matter, Plaintiffs may wish to consider whether, in light of the Court's ruling, service of original process has been properly effectuated relative to the other named Defendants in this case.